UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JULIO CESAR CASTELLANOS, | ) | 1:11-cv-00528-LJO-JLT HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | TO GRANT MOTION TO DISMISS (Doc. 12); |
| | ) | ORDER REQUIRING OBJECTIONS TO BE |
| v. | ) | FILED WITHIN TWENTY DAYS |
| | ) | |
| M. D. BITER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant petition was filed on March 29, 2011. (Doc. 1). On April 18, 2011, the Court ordered Respondent to file a response. (Doc. 8). In that order, the Court noted that its preliminary screening of the petition indicated that the entire petition may be unexhausted; however, the record available to the Court at that juncture was insufficient to make such a determination. (Id.) On June 14, 2011, Respondent filed the instant motion to dismiss, contending that indeed none of Petitioner's claims were ever presented to the California Supreme Court. (Doc. 12). On June 24, 2011, Petitioner filed his opposition to the motion to dismiss. (Doc. 13). On June 28, 2011, Respondent filed a reply to Petitioner's opposition. (Doc. 16). On July 15, 2011, Petitioner filed what he styled as a Traverse, but which in essence claimed that Respondent's motion to dismiss failed to satisfy the

Court's April 18, 2011 order to file a response.  (Doc. 17).[1]    Based on the analysis below, the Court will issue Findings and Recommendations to grant the motion to dismiss and dismiss the petition as unexhausted.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the Court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on Respondent's contention that Petitioner has never presented his claims to the California Supreme Court.  Accordingly, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4. O'Bremski, 915 F.2d at 420.

B.  Exhaustion.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

---

[1] The Court need not address this argument of Petitioner's except to note that the Court's April 18, 2011 order expressly stated that Respondent's response could be *either* an answer to the merits of the petition or, as was the case here, a motion to dismiss.  (Doc. 8, p. 2).

U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

3

1  Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

2        The petition raises five claims for relief: (1) Petitioner's trial counsel had a conflict of interest
3  that limited counsel's ability to adequately represent Petitioner at trial; (2) Petitioner's sentence was
4  the result of selective prosecution; (3) the trial court erred in refusing to consider a diminished
5  capacity defense; (4) the trial court erred in refusing to grant a severance; and (5) the trial court
6  exhibited bias in "turning a blind eye" to the prosecution's pursuit of a gang enhancement with any
7  evidence and to defense counsel's obvious conflict of interest.

8        Respondent has lodged documents with the Court that establish that, contrary to Petitioner's
9  contentions, none of these claims has been exhausted in state court. (Doc. 12, Attach. 2, Lodged
10 Documents "LD").  The Lodged Documents establish that on November 17, 2009, Petitioner was
11 convicted in the Tulare County Superior Court of four counts of second degree robbery and one
12 count of attempted second degree robbery and was later sentenced to a prison term of 17 years and
13 four months.  (LD 1). Nothing in the record indicates that Petitioner filed a direct appeal from his
14 conviction and sentence.

15       On October 22, 2010, Petitioner filed a petition for writ of habeas corpus in the Tulare
16 County Superior Court, which was denied on November 2, 2010.  (LD 2, 3).  On January 14, 2011,
17 Petitioner filed a "Notice of Appeal" in the California Court of Appeal, Fifth Appellate District ("5th
18 DCA"), apparently from the Superior Court's denial of his state habeas petition. (LD 4).  On January
19 21, 2011, the 5th DCA issued an order indicating that it was considering dismissing the appeal "as
20 taken from a nonappealable denial of a writ of habeas corpus." (LD 5).  On February 2, 2011,
21 Petitioner filed a response in which he argued that the 5th DCA had jurisdiction to hear any and all
22 appeals from "final orders and judgments." (LD6).  On February 3, 2011, the 5th DCA dismissed
23 Petitioner's appeal, ruling that "no authority permits this court to conduct an appeal from a trial
24 court's denial of a writ of habeas corpus."  (LD 7).

25       On February 7, 2011, Petitioner filed an "Appellants [sic] Brief" in the 5th DCA, seeking to
26 incorporate into the 5th DCA proceedings his petition from the Superior Court and also requesting
27 appointment of counsel.  (LD 8).  On February 9, 2011, the 5th DCA declined to vacate its February
28 3, 2011 dismissal of Petitioner's appeal.  (LD 9).  On March 8, 2011, Petitioner filed a petition for

1  review in the California Supreme Court.  (LD 10).  On April 13, 2011, the Court denied the petition
2  for review without citing any reasons.  (LD 11).

3       Based on this chronology, Respondent correctly contends that none of the five claims in the
4  instant petition have been exhausted in state court by presenting them to the California Supreme
5  Court.  If a petitioner fails to exhaust his federal claims during his direct appeal, he may nevertheless
6  do so through the state habeas process.  In California, the Supreme Court, the intermediate Courts of
7  Appeal, and the Superior Court all have independent habeas corpus jurisdiction.  Nino v. Galaza, 183
8  F.3d 1003, 1006, fn. 2 (9th Cir. 1999).  Although a Superior Court order denying habeas relief is non-
9  appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal.  Id.;
10 Walker v. Martin, 131 S.CCt. 1120, 1125 (2011)("A prisoner whose petition has been denied by the
11 superior court can obtain review of his claims only by the filing of a new petition in the Court of
12 Appeal.").  If the Court of Appeal denies relief, the petitioner may then seek review in the California
13 Supreme Court by way of a petition for review or instead may file an original habeas petition in the
14 high court.  See Nino, 183 F.3d at 1006, fn. 2.

15      Here, Petitioner did not file a new habeas corpus petition in the 5th DCA; instead, he
16 attempted to file an appeal from the Superior Court's denial of his first petition.  As the 5th DCA
17 noted in both of its orders, while the intermediate appellate court can address a new habeas petition,
18 it has no jurisdiction to entertain an appeal from the Superior Court's denial of a habeas corpus
19 petition.  Accordingly, when Petitioner sought review in front of the California Supreme Court of the
20 5th DCA's dismissal, it was only as to the 5th DCA's dismissal of his purported "appeal" filed in the
21 5th DCA, not from any ruling addressing the merits of a habeas petition properly and independently
22 filed in the 5th DCA.  In other words, the California Supreme Court's denial of his petition for review
23 was not on the merits but rather merely affirmed the 5th DCA's legal position that it had no
24 jurisdiction to consider an appeal from a lower court's denial of a habeas petition.

25      Petitioner thus never provided the California Supreme Court with a full and fair opportunity
26 to consider each claim prior to presenting it to this Court in the instant petition.  See Duncan v.
27 Henry, 513 U.S. at 365; Picard v. Connor, 404 U.S. at 276; Johnson v. Zenon, 88 F.3d at 829.
28 Petitioner has therefore never "fairly presented" his claims to the California Supreme Court because,

5

in filing a petition for review from the 5th DCA's dismissal, he was not presented his five claims to the California Supreme Court for review of their merits.

From the foregoing, the Court concludes that Petitioner has not presented any of his claims to the California Supreme Court as required by the exhaustion doctrine. Because Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). The Court cannot consider a petition that is entirely unexhausted. Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Calderon, 107 F.3d at 760. Therefore, Respondent's motion to dismiss should be granted and the petition should be dismissed for lack of exhaustion.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS as follows:

1. Respondent's Motion to Dismiss (Doc. 12), be GRANTED; and,

2. The habeas corpus Petition (Doc. 1), be DISMISSED because it contains only unexhausted claims.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 2, 2011**                                    /s/ Jennifer L. Thurston
                                                            UNITED STATES MAGISTRATE JUDGE